IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY**, | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] 1:12-CV-2809-KOB |
| | ] |
| **PEOPLES SERVICES, INC., TIM** | ] |
| **PRUITT, and JERRI LYNN PRUITT,** | ] |
| | ] |
| **Defendants.** | ] |

**MEMORANDUM OPINION**

This declaratory judgment action comes before the court on Defendant Tim Pruitt and Jerri Lynn Pruitt's Motion to Dismiss (doc. 9) and Defendant Peoples Services, Inc.'s Motion to Dismiss under the *Wilton/Brillhart* doctrine (doc. 13). The parties have fully briefed the motions. For the reasons stated below, the court will GRANT the motion to dismiss and will DISMISS WITHOUT PREJUDICE Owners Insurance Company's claims against Peoples and the Pruitts.

I. STATEMENT OF FACTS

On February 2, 2007, the Pruitts filed a lawsuit in the Circuit Court for Talladega County, Alabama, against its co-defendant in this suit, Peoples, and several other defendants (hereinafter referred to as the "Pruitt action"). The Honorable William E. Hollingsworth, III presides over the case, which is ongoing. The Pruitts alleged that Mr. Pruitt suffered personal injuries from exposure to "waste sand" that Peoples had dumped at his worksite. Owners insured Peoples through a general commercial line of insurance during the time in question and has defended Peoples in the Pruitt action since the time of its filing.

Peoples claims that on August 22, 2012, Owners sent it a letter notifying it for the first time that Owners was defending Peoples in the Pruitt action subject to a reservation of rights and that it "reserves the right to intervene in the underlying action filed by the Pruitts or to file a separate declaratory judgment action concerning these coverage issues. You should consult with your own personal attorney regarding any coverage issues." (Doc. 13-3, at 4). Owners claims that it notified Peoples that it was "undertaking defense of this action under a reservation of rights" in a letter dated March 29, 2007. (Doc. 15-1, at 2).

On August 27, 2012, Owners filed the complaint in this court seeking a declaration of whether Owners had a duty to defend and indemnify Peoples in the Pruitt action. (Doc. 1). On October 1, 2012, Peoples filed a complaint in Talladega Circuit Court seeking a declaratory judgment that the policy issued by Owners covers the claims against Peoples in the Pruitt action. ("Complaint," Doc. 13-2) (hereinafter referred to as the "Peoples action"). The Honorable William E. Hollingsworth, III presides over this case as well.

On September 28, 2012, the Pruitts filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, failure to add indispensable parties, and lack of jurisdiction. (Doc. 9). On October 1, 2012, Peoples filed a Motion to Dismiss under the *Wilton/ Brillhart* doctrine, and the Pruitts adopted these arguments. (Doc. 13; Doc. 19). The parties have fully briefed both motions, but the court only considers the *Wilton/ Brillhart* argument because the complaint is due to be dismissed under that doctrine.

II. LEGAL DISCUSSION

Peoples and the Pruitts argue that the case should be dismissed under the *Wilton/Brillhart* doctrine. That doctrine derives its name from two Supreme Court cases, *Wilton v. Seven Falls*

2

*Co.*, 515 U.S. 277 (1995), and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). In *Wilton*, the Supreme Court explained that district courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton*, 515 U.S. at 286. The Supreme Court also noted that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." *Id.* The Supreme Court further admonished in *Brillhart* that, when determining whether to stay or dismiss a declaratory judgment action, district courts must consider "whether the claims of all the parties in interest [could] satisfactorily be adjudicated in [the declaratory action], whether necessary parties have been joined, [and] whether such parties are amenable to process in [the declaratory action]." *Brillhart*, 316 U.S. at 495.

The Supreme Court explained that the Declaratory Judgment Act, 28 U.S.C. § 2001, *et seq.*, is "understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigants." *Wilton*, 515 U.S. at 287. The Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

The Declaratory Judgment Act was never intended to be used as a tactical device in furtherance of an insurer's attempt to forum shop. *See United Ins. Co. of Am. v. Harris*, 939 F. Supp. 1527, 1535 (M.D. Ala. 1996) (condemning an insurer's filing of a declaratory action to cut

off an insured's right to a state forum as "procedural fencing" and dismissing the insurer's complaint without prejudice).  A district court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully and finally resolve the controversy between the parties." *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982).

In *Ameritas*, the Eleventh Circuit announced nine guideposts to inform a district court's decision whether to entertain a declaratory judgment action when a proceeding in another court will fully resolve the controversy between the parties.  These factors are as follows:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable;

(5) whether the use of a declaratory judgment action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331. This list is not exhaustive nor is any one factor controlling; "these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id.*

The court has considered all of the *Ameritas* guideposts and finds that the reasons to defer to the state court proceeding outweigh those for hearing the declaratory judgment action in federal court separate from the two pending state court actions. Several different factors support the conclusion that Talladega County's Circuit Court is the better venue for the parties to litigate this controversy, despite the fact the Peoples' action was the later-filed of the declaratory judgment actions. Specifically, as to the *Ameritas* factors the court finds as follows:

    (1)    <u>Strength of the state's interest in having the issues decided in state court</u>

Alabama law governs the coverage dispute between Owners and Peoples; however, federal courts frequently decide cases involving state law, such as the issues involved in this case. Thus, this factor does not weigh heavily either way.

    (2)    <u>Whether the judgment in the federal declaratory action would settle the controversy</u>

A decision in this case would certainly resolve the controversy as between Owners and Peoples. However, it would not resolve the underlying claims made by the Pruitts against Peoples in the Pruitt action. Here, the Pruitt action, which involves the factual disputes under which the insurance coverage issue arises, has been litigated in Talladega Circuit Court since 2007. The Peoples action was also filed in Talladega Circuit Court and is in front of the same judge as the Pruitt action. (Doc. 13, at 7). Judge Hancock dismissed a similar declaratory judgment action partly because, "[t]he complete controversy [stood] *only* in the state court."

*Tudor Ins. Co. v. Smith*, 2012 WL 4344535, *3 (N.D. Ala. 2012) (citing *Ameritas*, 411 F.3d at 1331).

The Pruitt and Peoples actions must proceed as separate state court actions and cannot be consolidated into one action. Despite the inability to consolidate the cases, the state court judge could possibly coordinate the cases, as discussed below. Because either the state or the federal court could adequately adjudicate this particular controversy, this favor weighs neither for or against abstention.

> (3)   Whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue

The declaratory action would clarify the relation between Owners and Peoples, but the Peoples action for declaratory judgment in state court would also clarify the legal relations at issue in this case. The court does not agree with Owners' argument that "physical proximity does not make one court more efficient than another in deciding a legal issue." (Doc. 15, at 4). Having two pending cases in state court awaiting the outcome of a federal court case is far less desirable than having one state court case awaiting the outcome of another state court case adjudicated by the same jurist who could conceivably coordinate relevant discovery and other related aspects of the two cases in ways that the federal court could not. In that way, physical proximity and judicial comity argue for the dismissal of this case in favor of the Peoples action.

> (4)   Whether the declaratory remedy is being used merely for the purpose of "procedural fencing"

Peoples argues that Owners' waiting five years after defending Peoples in the Pruitt action to file this action was a form of procedural fencing. Owners contends that it "cannot gain any advantage over the underlying state court litigation by filing its declaratory action in federal

court" and that Peoples' filing of the state court declaratory judgment action was "transparent forum shopping." (Doc. 15, at 4-5).  Owners is correct that it could have filed a declaratory judgment at any time during or after the state court litigation of the Pruitt action.  However, the filing of this action could be viewed as a delaying tactic. The court does not have enough information to determine whether Owners filed this action as a form of procedural fencing.  Even if Owners did file this action to gain an upper hand over Peoples, this factor alone is not enough to persuade the court to retain the action.

      (5)    <u>Whether the declaratory judgment action would increase friction between federal and state courts</u>

The overlapping issues in this case and the two pending state court actions invite conflict and friction between the two tribunals.  The result of allowing this declaratory judgment action to continue concurrently with the state court actions would be an untenable race between the two courts, "with the loser straining against the yoke of the winner's decision and potentially facing the unenviable catch 22 of acceding to the other courts' ruling with which it disagrees or, alternatively, diverging from the other court's ruling and reaching an inconsistent result." *Westchester Surplus Lines Ins. Co. v. Romar House*, No. 08-0455-WS-M, 2008 WL 5412937, at *5 (S.D. Ala. Dec. 29, 2008). This factor favors abstention in deference to the state court where all claims can be resolved consistently, efficiently, and in this case, in front of the same judge who after five years of litigation in this matter must be far more familiar with the case than this court.

      (6)    <u>Whether an alternative remedy is better and more effective</u>

 Although this conflict would be adjudicated in two state court actions if the court granted

the motion to dimiss, the court posits that two actions in the same state court in front of the same judge are "better and more effective" than one case state court and another in federal court, that could just as easily have been decided in state court.  *See Ameritas*, 411 F.3d at 1331.

Owners aptly states that the "state court action would not be 'better or more effective' than the analysis provided by this court." (Doc. 15, at 5). The court agrees and also posits that the reverse is true:  this court's analysis would not be better than the analysis provided by the Talladega Circuit Court. Its analysis may be more effective, however, because of the judge's familiarity with the case.  Judicial efficiency, thus, warrants dismissal without prejudice of Owners' declaratory judgment action.

>  (7) Whether underlying factual issues are important to a resolution of the case and (8) Whether the state court is in a better position to evaluate those factual issues than is the federal court

These two factors converge in this case.  Here, although the Peoples action is a separate case from the underlying Pruitt action, both cases are in Talladega Circuit Court in front of the same judge. Even assuming no "underlying factual issues" from the Pruitt action are necessary to the determination of Peoples' insurance coverage and indemnification, the state court is still in a better position to hear the Peoples declaratory judgment action because it is so familiar with the facts in the Pruitt action.

> (9) whether a close nexus arises between the issues and state law/public policy, or whether federal law dictates resolution of the declaratory judgment action

No Alabama state law or public policy bears a close nexus to the issues, except that Alabama law governs.  Federal courts regularly apply state law with relative ease.  As the Eleventh Circuit stated in *Ameritas*, the Declaratory Judgment Act only gives federal court the

ability to hear declaratory actions, but "it does not impose a duty to do so." *Ameritas*, 411 F.3d at 1330.  Thus, this factor is neutral.

This case is distinguishable from those cases where the federal plaintiff was not a party to the action in state court. *See e.g., Specialty Underwriters Alliance v. Peebles McManus, LLC*, 643 F. Supp. 2d 1298 (M.D. Ala. 2009) (denying the defendants' motion to dismiss under the *Wilton/ Brillhart* doctrine because the underlying state court case "involve[d] different issues and different parties").  Here, Peoples filed an almost identical complaint for declaratory judgment in the same court where the underlying action is currently being litigated.  A "parallel state action" exists in this instance just as it did in *Brillhart*, *Wilton*, and *Ameritas*, even though it was filed after the federal complaint. *See id.* at 1301.  The Eleventh Circuit, however, has specifically stated "That the action in state court was filed after the federal complaint . . . is of no moment," *Triple S Ref. Corp. v. Mount Canaan Full Gospel Church*, 254 F. App'x 762, 763 (11th Cir. 2007).

This case is akin to *Cincinnati Specialty Underwriters Ins. Co. v. M&M, LLC*, 2011 WL 154314 (M.D. Ala. 2011). In that case the Glovers brought state law claims against M&M in state court for damage to their home from M&M's faulty construction. Four months later, Cincinnati Insurance, M&M's insurance carrier,  filed a declaratory judgment action in federal court seeking a declaration that the Glovers' claims did not fall within the commercial general liability policy issued to M&M.  Two months later, M&M filed a third party complaint against Cincinnati Insurance in the original state court action seeking, in part, a declaratory judgment on M&M's coverage and indemnification under its insurance policy for the original state court action.

Judge Watkins dismissed the case under the *Wilton/ Brillhart* doctrine because the coverage issue was "squarely before the state court," and the pending state court action weighed "heavily in favor of dismissal of this [federal] action." *Id.* *3. Although the Peoples action is not a part of the underlying Pruitt action in this case, as was the case with the third-party complaint filed in *M&M*, both the Pruitt and Peoples actions are in Talladega Circuit Court in front of the same judge and could possibly be coordinated. The biggest factor that weighs in favor of abstention is that the state court can control and coordinate the timing of discovery and mediation of both cases without the federal court's intrusion or delay of such matters. Thus, the court sees no reason to depart from the reasoning in *M&M* and will grant the motion to dismiss.

III. CONCLUSION

The court is convinced that in this case the *Ameritas* guideposts support dismissal without prejudice of Owners' declaratory judgment action. Owners can pursue the same remedy in state court where Peoples has filed a declaratory judgment action and where the Pruitt case is being adjudicated. The issue of coverage will be determined in a declaratory judgment action regardless of whether this federal case continues because of the Peoples action in Talladega Circuit Court. In fact, if the court goes forward with this action, it may hinder the adjudication and determination of the coverage issue and the underlying factual litigation in the state court below. For these reasons, the court will GRANT the Motion to Dismiss, DISMISS WITHOUT PREJUDICE Owners' complaint for declaratory relief, and will enter a separate order to that effect simultaneously.

DONE and ORDERED this 2nd day of January, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE